## JOHNSON. v. MISSISSIPPI

No. 5485.   Argued April 21, 1971—Decided June 7, 1971

*Stephen W. Porter* argued the cause for petitioner. With him on the brief was *Richard B. Ruge.*

*G. Garland Lyell, Jr.,* Assistant Attorney General of Mississippi, argued the cause for respondent.   With him on the brief was *A. F. Summer,* Attorney General.

PER CURIAM.

Petitioner, a defendant in a criminal proceeding in the Circuit Court of Grenada County, Mississippi, was summarily convicted of criminal contempt by Judge Marshall Perry of that court.

The alleged contempt occurred on January 23, 1967. It occurred after Judge Perry directed the bailiffs and deputies to keep all people entering the courtroom from walking between the space reserved for jurors and county officers and the judge, while jurors were being called. A deputy attempted to route petitioner around the area

in question whereupon, according to the orders adjudging petitioner in contempt, he said:

> "What the Hell do you mean go around.
> "Said Johnson, defendant, then continued to stand and look around over the room, disrupting the court proceedings."

Judge Perry, however, did not take instant action on the alleged contempt but only had petitioner removed from the courtroom. The next day, January 24, he ordered that process issue against petitioner directing him to appear February 1, 1967, an action he later rescinded. On January 27, 1967, petitioner, an active civil rights worker, asked through his attorney that Judge Perry recuse himself, asserting:

> "a. That Judge Perry is personally prejudiced against the defendant and against the civil rights organizations he represents.
> "b. That Judge Perry is personally prejudiced against the lawyers' organization defending Mr. Johnson, namely the Lawyers' Committee For Civil Rights Under Law."

The motion was supported by two affidavits of lawyers that Judge Perry, through charges made to grand juries in his courtroom, revealed deep prejudice against civil rights workers and civil rights lawyers.

No hearing was ever granted on that motion.

When petitioner was removed from the courtroom on January 23, 1967, his lawyer, one Rowe, objected to Judge Perry's action. Judge Perry ordered Rowe arrested and charged with criminal contempt. On January 31, 1967, a federal court in Mississippi issued a temporary restraining order enjoining trial of the contempt charge against Rowe; and we are advised that that charge has never been further prosecuted.

On February 1, 1967, petitioner filed a petition for removal of the contempt proceedings in his case to the federal court. On November 14, 1968, that court remanded the case to Judge Perry's court. Thereupon Judge Perry ordered that a $1,000 bond be posted guaranteeing petitioner's appearance on January 27, 1969, to answer the contempt charge.

On January 22, 1969, petitioner and others filed suit in the federal court to enjoin trials of either Negroes or women in the Circuit Court of Grenada County until such time as Negroes and women were not systematically excluded from juries. Judge Perry was named as a defendant. The federal court held a hearing on January 24, 1969, and on January 25, 1969, temporarily enjoined Judge Perry from discrimination "by reason of race, color, or sex" in jury selections.

Two days later, January 27, 1969, Judge Perry adjudged petitioner in contempt and sentenced him to four months. and set bail at $2,000 pending appeal. He denied petitioner's request for a hearing on the merits and for an opportunity to show why Judge Perry should recuse himself. On appeal the Supreme Court of Mississippi affirmed the contempt but reduced the sentence to one month. 233 So. 2d 116. The case is here on a petition for a writ of certiorari which we granted. 400 U. S. 991.

Instant action may be necessary where the misbehavior is in the presence of the judge and is known to him, and where immediate corrective steps are needed to restore order and maintain the dignity and authority of the court. *Cooke* v. *United States*, 267 U. S. 517, 534; *Harris* v. *United States*, 382 U. S. 162, 165. The contempt power is within the judge's "arsenal of authority" which we recently described in *Illinois* v. *Allen*, 397 U. S. 337. But there was no instant action here, a week expiring before removal of the case to the federal court was sought.

Moreover, from this record we cannot be sure that Judge Perry was personally aware of the contemptuous action when it occurred. The State's version of what happened is described as follows in its motion that petitioner show cause why he should not be punished for contempt:

> "[T]he Sheriff and Deputy Sheriff, Howard Hayward seized Robert Johnson and immediately carried him before the Circuit Judge, Marshall Perry, and *related to the Judge what had transpired*." (Italics added.)

As we said in *In re Oliver*, 333 U. S. 257, 275–276,

> "If some essential elements of the offense are not personally observed by the judge, so that he must depend upon statements made by others for his knowledge about these essential elements, due process requires . . . that the accused be accorded notice and a fair hearing . . . ."

And see *In re Savin*, 131 U. S. 267, 277.

It would, therefore, seem that a fair hearing would entail the opportunity to show that the version of the event related to the judge was inaccurate, misleading, or incomplete.

We mention this latter point because our remand will entail a hearing before another judge. In concluding that Judge Perry should have recused himself, we do not rely solely on the affidavits filed by the lawyers reciting intemperate remarks of Judge Perry concerning civil rights litigants. Beyond all that was the fact that Judge Perry immediately prior to the adjudication of contempt was a defendant in one of petitioner's civil rights suits and a losing party at that. From that it is plain that he was so enmeshed in matters involving petitioner as to make it most appropriate for another judge

to sit. Trial before "an unbiased judge" is essential to due process. *Bloom* v. *Illinois,* 391 U. S. 194, 205; *Mayberry* v. *Pennsylvania,* 400 U. S. 455, 465.

We accordingly reverse the judgment below and remand the case for proceedings not inconsistent with this opinion.

*Reversed and remanded.*