**STATE of Oklahoma ex rel. Glenn A. YOUNG, Petitioner,**

v.

**Hon. Charles S. WOODSON, Judge of the District Court of Creek County, Respondent.**

**No. 46564.**

Supreme Court of Oklahoma.

Dec. 11, 1973.

Corrected March 18, 1974.

Rehearing Denied March 19, 1974.

Opinion Withheld April 23, 1974.

L. G. Hawkins and Jim Manske, Hawkins & Byers, Sapulpa, for petitioner.

Larry Derryberry, Atty. Gen., by Robert H. Mitchell, Asst. Atty. Gen., Oklahoma City, for respondent, The Hon. Charles S. Woodson.

DOOLIN, Justice.

Petitioner requests this Court to prohibit the Respondent District Judge of Creek County from enforcing a contempt citation issued against him for failing to answer a direct question put to the Petitioner during a non-jury trial by the Judge. He further seeks mandamus to compel the Judge to disqualify and to let another district judge conduct a hearing as guaranteed a contemner under Article II, Sec. 25 of the Oklahoma Constitution. It is in order to determine Petitioner's rights herein and to define the power of contempt and to specifically pass upon the question of whether a contemner in a judicial proceeding has a right to stay proceedings after trial has commenced by application for extraordinary relief to this Court, when during the trial he has been requested to give specific information to the court or directed to answer a question put to him by the judge.

Petitioner was found to be in contempt by the trial judge for refusing to answer a question capable of being answered by a "yes" or "no" answer after being warned he was dangerously near to contumacious conduct. Petitioner insisted he need not answer the question and that the trial should cease and that he be allowed to take an appeal of the question to the Supreme Court or to make application for extraordinary relief to the Supreme Court. His refusal to answer resulted in a finding that he was in contempt and punishment was fixed at 24 hours in the Creek County Jail. Thereafter and at the hearing held upon the contempt citation, upon written and oral Motion, Petitioner moved to vacate the finding of contempt and to disqualify the Judge who had issued the contempt citation from presiding at the second hearing. The court upheld its original punishment, fixed bond for Petitioner, and Petitioner made application to the Supreme Court for Writs of Mandamus and Prohibition. We have previously granted oral argument upon application from Petitioner.

■ The power of this Court to review contempt citations by a trial court is generally set out in Article VII, Sec. 4 of the Oklahoma Constitution. Review of contempt citations has been accomplished in the past by both this Court and the Oklahoma Court of Criminal Appeals and we approve of this procedure. This Court can define contempt standards applicable to contempts, both in civil and criminal proceedings. In the recent case of Fulreader v. State, Okl., 408 P.2d 775 (1965), we held:

"Direct contempt proceedings are neither civil nor criminal in character but are sui generis and Supreme Court has jurisdiction to review an order adjudging one in contempt and imposing punishment therefor."

In adopting such standards, the limitations imposed on the exercise of contempt power by the Law of the State of Oklahoma and by the Law of the United States of America must be considered. Article II, Sec. 25 of the Oklahoma Constitution provides, among other things, that the legislature shall pass laws defining contempt and that in no case shall a punishment for contempt be imposed without opportunity to be heard.

We note that Article II, Sec. 25 may offer greater protection and relief from the oppressive use of the power of con-

tempt than is apparently guaranteed by the United States Constitution for it assures a contemner of "an opportunity to be heard" before penalty or punishment becomes final. Young v. State, Okl.Cr., 275 P.2d 358 (1954). The legislature has properly and adequately responded to the provisions of Article II, Sec. 25 of the Oklahoma Constitution by enacting 21 O.S.1971 § 565 which defines contempt and distinguishes between direct and indirect contempt.

Oklahoma cases have gone on to find in some situations that a trial judge should disqualify himself from hearing particular matters where he may be partial, biased, or prejudiced. See State ex rel. Larecy v. Sullivan, 207 Okl. 128, 248 P.2d 239 (1952); Heard v. Sullivan, 280 P.2d 708 (Okl., 1955). The Federal court has also held that a defendant in a contempt proceeding *may* be denied the protections of federal due process if he is not given a public trial before a judge other than the judge who cited him for contempt, Mayberry v. State of Pennsylvania, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971); Johnson v. State of Mississippi, 403 U.S. 212, 91 S.Ct. 1778, 29 L.Ed. 423 (1971).

The American Bar Association Project on Standards of Criminal Justice has promulgated Standards relating to the function of the trial judge with respect to the use of the contempt power. ABA Standards Relating to the Function of the Trial Judge, Approved Draft, 1972. These standards take into consideration the limitations mentioned above, and with slight adaptation to reconcile them with Oklahoma's sui generis characterization of the contempt power, can be adopted by this Court to serve as procedural guidelines for trial judges in this jurisdiction in the exercise of contempt power. Prospectively, the trial judges of this State should be guided by the following Standards in direct contempt situations; and said Standards are hereby declared to be Court rules of procedure in the trial courts of Oklahoma subject to revision and change as any other rules of this Court.

1. Inherent power of the court.

The court has the inherent power to punish any contempt in order to protect the rights of the parties and the interests of the public by assuring that the administration of justice shall not be thwarted. The trial judge has the power to cite and if necessary punish summarily anyone who, in his presence in open court, willfully obstructs the courts of judicial proceedings after an opportunity to be heard has been afforded.

2. Admonition and warning.

No sanction other than censure should be imposed by the trial judge unless

(i) it is clear from the identity of the offender and the character of his acts that disruptive conduct was willfully contemptuous, or

(ii) the conduct warranting the sanction was preceded by a clear warning that the conduct is impermissible and that specified sanctions may be imposed for its repetition.

3. Notice of intent to use contempt power; postponement of adjudication.

(a) The trial judge should, as soon as practicable after he is satisfied that courtroom misconduct requires contempt proceedings, inform the alleged offender of his intention to institute such proceedings.

(b) The trial judge should consider the advisability of deferring adjudication of contempt for courtroom misconduct of a defendant, an attorney or a witness until after the trial, and should defer such a proceeding unless prompt punishment is imperative.

4. Notice of charges and opportunity to be heard.

Before imposing any punishment for contempt, the judge should give the offender notice of the charges and at least a summary opportunity to adduce evidence or argument relevant to guilt or punishment.

5. Referral to another judge.

The judge before whom courtroom misconduct occurs may impose appropriate sanctions, including punishment for contempt, but should refer the matter to another judge, if his conduct was so integrated with the contempt that he contributed to it or was otherwise involved, or his objectivity can reasonably be questioned.

 While we hold that the trial judges of this State should apply the foregoing Standards in the exercise of contempt power in the future, we believe that in the instant case the judge was justified in relying on prior Oklahoma Law in the application of the contempt power. Accordingly, he repeatedly warned Petitioner, allowed Petitioner the opportunity to be heard on the contempt citation guaranteed him by Article II, Sec. 25 of the Oklahoma Constitution, and in his judgment, determined that he need not disqualify himself from hearing the request to dismiss the contempt citation. In so doing, we do not believe that the trial judge deviated substantially from contempt procedures heretofore followed by trial judges in this State, or from the ABA Standards.

 In addition, we find that throughout the proceedings, Petitioner repeatedly insisted that he had a right to stay proceedings during trial simply by giving notice of his intent to present application for extraordinary relief in the Supreme Court of Oklahoma upon any ruling of the trial judge, not only as to contempt citations, but to any other order or finding of the trial judge. This position is without merit. Not only is the granting of extraordinary relief not a matter of right (see Rule 37 of the Rules of the Supreme Court, App. 1) but our attention is directed to and we find no authority or reason for allowing the interruption of judicial proceedings by such a novel procedure. Determination of the propriety or the conduct of the trial judge or the parties and their attorneys should not be allowed to delay disposition of the cause on its merits unless necessary to make such disposition possible. We therefore hold that one cited for contempt may not stay proceedings by an original application to this Court for extraordinary relief in contempt matters, nor may he follow the same procedures concerning any other order of the trial judge made during trial.

We do not here dispose of or pass upon the inherent power of any court to maintain decorum, control and order of proceedings in civil or criminal matters in the face of disruptive conduct calculated to break down and destroy judicial proceedings by an accused, witness, attorney or spectator.

The Rules adopted by this opinion are applicable to direct contempt as dealt with herein and as defined and interpreted in 21 O.S.1971 § 565.

Application granted; jurisdiction assumed; writs denied.

BERRY, HODGES, LAVENDER, SIMMS and DOOLIN, JJ., concur.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, J., dissent.