STATE, Plaintiff-Respondent, v. VAN LAARHOVEN,
Defendant-Appellant.

Court of Appeals

*No. 78–380–CR. Submitted on briefs February 7, 1979.—*
*Decided April 11, 1979.*
(Also reported in 279 N.W.2d 488.)

For the defendant-appellant the cause was submitted on the brief of *Robert E. Henke* of Neenah.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Betty R. Brown,* assistant attorney general.

Before Dean, P. J., Donlin, J., and Foley, J.

FOLEY, J.   Paul Van Laarhoven was summarily sentenced to ten day and then to twenty additional days in the Outagamie County Jail for two separate acts of criminal contempt. He claims the sentence was excessive and challenges the trial court's use of summary contempt procedures. The summary contempt issue requires review of the facts to determine whether exercise of summary contempt power was appropriate.

The facts are not in dispute. The initial act of contempt occurred in the courtroom, in the presence of the trial judge, following the return of a guilty verdict in the trial of Van Laarhoven's brother. Van Laarhoven said to the jury "[a]ll of you, you guys are stupid. I don't know how you can live with yourselves." The statement was accompanied by what the judge characterized as an obscene gesture, also directed at the jury. The judge brought the defendant before the bench and sentenced him to ten days in the county jail. Upon hearing this, Van Laarhoven called the judge an "asshole."

Van Laarhoven's brother informed the court that Van Laarhoven was the only person who could give his mother and sister a ride home. The court agreed to stay execution of the ten-day sentence until the following morning and asked Van Laarhoven if he would appear at that time. He responded "[s]tupid. Really stupid. I guess I will." The judge then told him his ten-day sentence was to begin immediately, to which Van Laarhoven responded "[y]ou're the biggest asshole I've ever seen." The court then sentenced him to thirty days in the county jail.

These facts establish two separate acts of contempt for which the trial judge imposed separate sentences, the first for ten days and the second for twenty days. We affirm the initial ten-day sentence and vacate the twenty-day sentence.

## THE TEN-DAY SENTENCE

We conclude that the trial judge appropriately exercised his summary contempt power after Van Laarhoven's attack on the jury. Section 256.04(1), Stats. (1975), renumbered sec. 757.04(1), Stats., provides:

PROCEDURE IN CRIMINAL CONTEMPTS. (1) Summary Procedure. (a) A criminal contempt may be punished summarily if the judge certifies on the record that the judge has seen or heard the conduct constituting the contempt and that it was committed in the immediate view and presence of the court.

(b) If, in the situation described in par. (a), the court has become personally embroiled with the alleged contemnor or has been attacked in such a way that the personal feelings of the judge could reasonably be expected to have been affected, or has adopted an adversary posture with regard to the alleged contemnor, the court may then employ the summary contempt procedure only immediately after the allegedly contemptuous behavior has taken place, if necessary to preserve the order of the court and protect the authority of the court.

Here Van Laarhoven committed the contemptuous act in the presence of the court and the judge certified that he observed the contemptuous conduct. The requirements of sec. 757.04(1)(a), Stats., were thereby satisfied. The judge was not at the moment embroiled with or attacked by Van Laarhoven to the provisions of sec. 757.04(1)(b) were not applicable. Use of the summary contempt procedures was, therefore, not statutorily conditioned upon a showing of necessity to preserve the order of the court and protect the court's authority.

However, even under sec. 757.04(1)(a), Stats., to justify the infringement of the summary contempt procedure on the due process rights normally associated with criminal convictions, there must be a compelling reason for im-

mediate punishment related to "vindication of the court's dignity and authority." *Harris v. United States,* 382 U.S. 162, 164 (1965). *See also United States v. Wilson,* 421 U.S. 309 (1975); *Johnson v. Mississippi,* 403 U.S. 212 (1971). We believe that in this case, when a jury is exposed to insulting remarks and actions within the courtroom, a compelling reason for immediate vindication of the court's authority is established under the *Harris* standard.

■

The question remains whether a sentence of ten days was excessive for the acts involved. The standard for reviewing the length of sentence is set forth in *Ocanas v. State,* 70 Wis.2d 179, 185, 233 N.W.2d 457, 461 (1975), where the court stated:

An abuse of . . . [sentencing] discretion will be found only where the sentence is so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances. [Citations omitted.]

The court noted that it would treat the question of an excessive sentence "in light of a strong policy against interference with the discretion of the trial court in passing sentence." *Ocanas, supra* at 183, 233 N.W.2d at 460.[1] Van Laarhoven could have been sentenced to thirty

---

[1] Review of the excessiveness of criminal contempt sentences in federal courts may be governed by a stricter standard. In *Green v. United States,* 356 U.S. 165, 188 (1958), the court stated:

The "discretion" to punish vested in the District Courts by §401 is not an unbridled discretion. Appellate courts have here a special responsibility for determining that the power is not abused, to be exercised if necessary by revising themselves the sentences imposed. This Court has in past cases taken pains to emphasize its concern with the use to which the sentencing power has occasionally been put . . . ."

days in the county jail. Section 757.05, Stats. We do not find that the trial judge abused his discretion in imposing a penalty of one-third the maximum jail sentence.

## THE TWENTY-DAY SENTENCE

Van Laarhoven received a second sentence for contempt after he twice called the judge an "asshole." To borrow first amendment terminology, he addressed the judge with "fighting words." In this situation, we find that the court was attacked "in such a way that the personal feelings of the judge could reasonably be expected to have been affected . . . ."[2] Therefore, summary con-

---

The court has also adopted "the principle that only ' "[T]he least possible power adequate to the end proposed" ' should be used in contempt cases." *United States v. Wilson*, 421 U.S. 309, 319 (1975), citing *Anderson v. Dunn*, 6 Wheat. 204, 231 (1821). However, there is no statutory maximum sentence for contempt under federal law as there is in Wisconsin, and that fact may be the basis for a stricter standard of review. *See* 18 U.S.C. §401. Even with a standard stricter than set out in *Ocanas*, however, we would not find a ten-day sentence excessive given the inherent egregiousness of harassing a jury because of dissatisfaction with the verdict.

[2] *United States v. Meyer*, 462 F.2d 827, 839 (D.C. Cir. 1972) contains the following discussion of this issue:

In other words, once a judge has been personally attacked in such a manner that a judge of ordinary sensibilities might naturally be expected to harbor "marked personal feelings" against the attacker, *the law must assume that such feelings exist*, even though the judge, through admirable forbearance, gives no outward indication that he has been personally affected. This assumption is necessary, presumably, for two reasons. First, personal animosity may in fact exist in a judge who is outwardly unperturbed; and, second, even if the judge possesses singularly charitable instincts and in fact entertains no personal feelings, the public might reasonably suspect that such was not the case. In this latter situation, disqualification would be necessary in order to protect the integrity of the judiciary—so that "justice . . . [can] satisfy the appearance of justice." [Citation omitted.]

tempt was justified only "if necessary to preserve the order of the court and protect the authority of the court." Section 757.04(1)(b), Stats.

Van Laarhoven was already under arrest when he insulted the judge. Before the twenty-day sentence, he had already been ordered to jail and was in the custody of the bailiff who was about to remove him from the courtroom. Under these circumstances, summary contempt was not necessary to preserve order. The arrest and order for removal had accomplished that goal. Neither was it necessary to protect the authority of the court. The trial judge had protected his authority by initially arresting and sentencing Van Laarhoven. Any further contempt should have been handled under the nonsummary contempt procedures provided in sec. 757.04(2), Stats.

We therefore order the twenty-day sentence vacated. If the trial judge deems it appropriate, he may institute a nonsummary contempt prosecution for Van Laarhoven's remarks made after imposition of the ten-day sentence.

*By the Court.*—The judgment of contempt and ten-day sentence is affirmed. The judgment of contempt and twenty-day sentence is vacated.