Frederick A. BREITLING, Plaintiff,

v.

John T. SOLENBERGER, et al., Defendants.

Civ. A. No. 84–0064–H.

United States District Court, W.D. Virginia.

April 19, 1984.

---

Steven D. Rosenfield, Charlottesville, Va., for plaintiff.

Phillip C. Stone, Douglas L. Guynn, Harrisonburg, Va., for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge.

The plaintiff, Frederick A. Breitling, has filed suit against five members of the Frederick County School Board who voted for his dismissal. Breitling taught for several years in the Frederick County school system and had reached continuing contract status before being dismissed in 1982. Pursuant to state procedures, the superintendent notified Breitling in writing of the reasons for the dismissal decision; furthermore, Breitling requested and received a hearing before the School Board where his counsel represented him. *See* Va.Code §§ 22.1–309, –311. Breitling does not contend, however, that the School Board members violated any of the provisions of Virginia law with respect to teacher dismissals. Rather, he alleges that he was denied due process of law under the fourteenth amendment and 42 U.S.C. § 1983 by the School Board's use of their retained counsel, Mr. William Johnston, in the capacity both as representative of the prosecuting agency and as the representative of the adjudicatory body.

The defendants filed a motion to dismiss along with a copy of the transcript of the June 28, 1982, hearing held before the School Board; the defendants request, therefore, that their motion be treated as one for summary judgment. *See* Fed.R. Civ.P. 12(b)(6), 56. This matter has been fully briefed and is now ripe for disposition, the parties having waived oral argument.

The issue is really a very simple one. May a school board rely on its counsel who both presents the superintendent's case for dismissal of a school teacher and acts as advisor to the school board itself, which must make an independent assessment of the dismissal decision? The plaintiff argues that this dual function of school board counsel taints the essential fairness of the hearing. Certainly, due process demands a fair hearing before an impartial tribunal. The school board hearing must "afford the safeguard that the one who decides shall be bound in good conscience to consider the evidence, to be guided by that alone, and to reach his conclusion uninfluenced by extraneous considerations." *Morgan v. United States*, 298 U.S. 468, 480, 56 S.Ct. 906, 911, 80 L.Ed. 1288 (1936); *see also Johnson v. Mississippi*, 403 U.S. 212, 216, 91 S.Ct. 1778, 1780, 29 L.Ed.2d 423 (1971); *Duffield v. Charleston Area Medical Center, Inc.*, 503 F.2d 512, 517 (4th Cir.1974).

Nevertheless, due process has never demanded a pristine separation of adjudicatory and investigatory functions. *See Withrow v. Larkin*, 421 U.S. 35, 52, 95 S.Ct. 1456, 1467, 43 L.Ed.2d 712 (1975); K. Davis, *Administrative Law Text* § 13.02 (3d ed. 1972). In *Withrow*, an examining board composed of practicing physicians both investigated Dr. Larkin's alleged professional misconduct by holding an investigatory hearing and subsequently the same examining board adjudicated whether to revoke Dr. Larkin's license to practice medicine. The United States Supreme Court held that such a combination of functions by the examining board did not violate Dr. Larkin's due process rights.

 In the case at hand, by comparison, the School Board did not participate in any investigation of Breitling nor does the complaint allege that any School Board members were involved in the initial dismissal decision by the superintendent. Breitling asserts only that he did not receive the process due him because the same attorney in essence "prosecuted" him by presenting the superintendent's case for dismissal and also advised the School Board throughout the hearing on procedural and evidentiary matters. Moreover, the School Board attorney also made a recommendation at the close of evidence that the School Board confirm the superintendent's dismissal decision. This dual role of the School Board attorney, however, falls far short of the combination of functions that the Court unanimously refused to proscribe as a due process violation in *Withrow*. A school board, after all, can hardly be said to be its hired counsel's puppet. The plaintiff has made neither allegations nor showing that this was the case here. The procedures employed by the School Board do not present an intolerable risk of prejudgment or partiality. Acceptance of the plaintiff's contention would require that either the superintendent would have to present his case for dismissal without legal assistance or that the School Board must retain additional counsel for the superintendent alone in the context of such an administrative hearing.

The plaintiff bases his argument, novel to this court, on the case of *Ciechon v. City of Chicago*, 686 F.2d 511 (7th Cir. 1982). In a footnote, the court makes a passing critical reference in this public employee dismissal case to the employer's use of the same counsel both to represent the prosecuting agency and the adjudicatory body. *Id.* at 522 n. 14. The plaintiff admits that the factual setting of *Ciechon* is far different from his; the *Ciechon* court refers to the dismissed employee's hearing as a "kangaroo court" replete with egregious due process violations. *Id.* at 522. Certainly, this mere dictum constitutes weak support for the plaintiff's proposition, given the general rule that no "Chinese

wall" must be erected between prosecutory and adjudicatory functions in an administrative setting such as the one here.

In sum, the court finds that, as a matter of law, the School Board's reliance on its attorney who also presented the case for the superintendent did not violate Breitling's right to constitutional due process. Consequently, the defendants' motion for summary judgment shall be granted.

An appropriate Order shall this day issue.