This is an appeal from denial of a writ of habeas corpus. This matter arose as follows: The Brookses were divorced in 1980 in Shelby County, Tennessee. Custody of a minor daughter was awarded to the mother. The case came to the Circuit Court of Montgomery County, Alabama, when the mother sought a writ of habeas corpus to enforce her custodial rights under the Tennessee decree. The father responded by filing in the Montgomery court a petition to modify the custody provision of the Tennessee decree. The mother moved to dismiss the father's petition for want of jurisdiction to modify under the Uniform Child Custody Jurisdiction Act. §§ 30-3-20 to -44, Code of Alabama 1975.
The Montgomery court agreed that it was without jurisdiction to modify and *Page 1234 
gave the father twenty-one days to file a petition in the Tennessee court.
The petition was filed and heard in the Tennessee court. An order was entered in 1981 granting custody of the child to the father. The Tennessee court then relinquished further jurisdiction to the Montgomery court. Shortly thereafter, the Brookses filed a joint petition to supplement the Tennessee custody decree by an agreed-upon order for visitation by the mother with the child for the following six months. A part of the agreement was that the child not be removed from Montgomery County. The Circuit Court of Montgomery County, Alabama, granted the joint petition and set the case for hearing at a time after six months had expired.
While enjoying the first agreed visitation, the mother absconded with the child. Immediately thereafter the court issued an order for the mother's arrest and subsequently entered an ex parte finding of contempt with specific sanctions as follows:
 "The court having learned that Peggy Lynn Brooks is in violation of various orders of this court and the orders of the Chancery Court of Shelby County, Tennessee and specifically the orders of this court dated April 10, 1981, it is hereby,
"ORDERED, ADJUDGED AND DECREED as follows:
 "1. That Peggy Lynn Brooks is in contempt of prior orders of this court and due to her contemptuous conduct, she shall serve five (5) days in the Montgomery County Jail for every day subsequent to the date of this Order that she fails or refuses to return the minor child to the custody of the father, Charles Hubert Brooks, Jr.
 "2. That Peggy Lynn Brooks shall pay into court the sum of $100.00 per day from the date of this Order, until such time as she is in compliance with all of the orders of this court, and for which execution may issue."
The mother kept the child while traveling about the country until she was arrested in South Dakota for other offenses in October 1983. The child was returned to the father by authorities in South Dakota. On March 25, 1985, the mother voluntarily appeared before the Circuit Court of Montgomery County. The court immediately committed her to jail under the sanctions imposed in its order of April 28, 1981. Her punishment was set as one thousand (1,000) days in jail and a fine of $90,600.
Peggy Brooks filed a petition for writ of habeas corpus on her fifth day in jail. Her petition alleged that she was being held illegally because the ex parte order of contempt of 1981 was void and the sanctions imposed were beyond the authority of the court. The court held a hearing on the petition on March 29, 1985. An order was entered on April 5, 1985, denying the writ and entered further judgment, the essence of which is as follows:
 1. That Peggy Brooks be placed in jail until she has purged herself of contempt by serving one year from March 20, 1985, or until she pays a fine of $25,000, whichever first occurs.
 2. That Peggy Brooks shall be punished for past disobedience of the court's order by serving one year in jail from March 20, 1985, such period to run concurrently with the first period.
It is from that order that Peggy Brooks appeals. This court directed her release from jail upon executing appropriate bond pending this appeal.
We have before us an appeal from the denial of a writ of habeas corpus. The basis of the petition for the writ was that the order of contempt entered by the court on April 28, 1981, under which Peggy Brooks was then incarcerated, was entered upon the court's own motion, without petition, notice or hearing and was thus void; that the order of March 22, 1985, assessing punishment of incarceration of 1,000 days and a fine of $90,600 under the order of April 28, 1981, is also void. Thus, Brooks was being held illegally.
The court, after hearing on the petition for writ of habeas corpus, denied the writ on April 5, 1985. In addition, the court entered an order again finding Brooks in *Page 1235 
contempt of court in April 1981, and assessing new and different penalties of fine and imprisonment — all again without petition or writ to show cause.
This court finds that the court below was in error in entering its judgment of April 28, 1981. That judgment was entered upon an indirect contempt without petition, or even affidavit, to show cause. It was entered without notice or effort of notice to Brooks and without opportunity for hearing.
An indirect contempt is defined as one committed outside the presence of the court and is characterized by the act of disobeying judgment or orders of the court. Nichols v. Nichols,46 Ala. App. 67, 238 So.2d 186; cert. denied, 286 Ala. 156,238 So.2d 190 (1970). In an indirect contempt proceeding in which the judge must depend upon statements of others for his knowledge of the essential elements of contempt, due process requires that the alleged contemnor be accorded notice and a fair hearing. Johnson v. Mississippi, 403 U.S. 212,91 S.Ct. 1778, 29 L.Ed.2d 423 (1971), Re S.L.T., 180 So.2d 374 (Fla.App. 1965); Carroll v. State, 350 So.2d 723 (Ala.Crim.App. 1977);Nichols, supra.
The contention of counsel for appellee that Peggy Brooks was absenting herself from the state, received knowledge of the court's order of contempt and sanctions, or even thereafter communicated with the judge, is of no avail for it all occurred after the fact of the summary action of the court. For the purpose of the writ of habeas corpus, the culpability of Brooks in violating the direction of the court not to remove her child from Montgomery County is not an issue. The only issue was whether she was then in jail being held under a valid order of court. We are convinced by all authority to hold the order of April 28, 1981 void for lack of due process.
It is clear from the last order of the court of April 5, 1985, that Peggy Brooks was punished for both civil and criminal contempt. In appropriate circumstances there is no prohibition against a finding of both civil and criminal contempt. Wilson v. Freeman, 402 So.2d 1004 (Ala.Civ.App. 1981). However, there is clear distinction between such contempts. In Ex parte Hill, 229 Ala. 501, 158 So. 531 (1935), the court said:
 "A criminal contempt is one in which the purpose of the proceeding is to impose punishment for disobedience to the orders of the court. A civil contempt invokes the power of the court to commit one who is continuing to violate its orders until he complies with them."
Inasmuch as civil contempt is a sanction coercive in nature and is designed to compel compliance with the court's orders in the future, when punishment has lost its coercive effect, it becomes punitive and may no longer be imposed. Re Grand JuryInvestigation, 600 F.2d 420 (3rd Cir. 1979); Cooper v. Cooper,401 So.2d 99 (Ala.Civ.App. 1981); Muery v. Muery, 46 Ala. App. 617, 247 So.2d 123 (1971).
At the hearing on the petition for writ of habeas corpus, the evidence was without dispute that the child had not been in the custody of Peggy Brooks since 1983 and that she was totally without assets to pay the fine imposed. It was therefore evident that she was completely without means to comply with the purgative imposed by the court. Due process required her release from jail on the civil contempt charge. Ex parteGriffith, 278 Ala. 344, 178 So.2d 169 (1965).
We pretermit discussion of whether or not each day of her keeping the child was basis for a separate contempt. Such discussion is unnecessary after our holding in the prior issues.
We hold that the power of the court to punish for criminal contempt, if properly prosecuted with due process, is limited in the circuit courts of Alabama to a maximum fine of $100 and imprisonment not to exceed five days. §§ 12-1-10, -11-30, Code of Alabama 1975; Graham v. State, 427 So.2d 998 (Ala.Civ.App. 1983). Peggy *Page 1236 
Brooks has already served more than five days in jail.
Reversed with direction to grant the writ of habeas corpus and release the body of Peggy Brooks from further incarceration under the orders of April 28, 1981 and April 5, 1985.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.