**John CARTALINO, Petitioner–Appellant,**

v.

**Odie WASHINGTON, Director, Illinois Department of Corrections, Respondent–Appellee.**

**No. 96–4002.**

United States Court of Appeals, Seventh Circuit.

Argued June 11, 1997.

Decided July 31, 1997.

Evelyn G. Baniewicz (argued), Office of the Cook County Public Defender, Chicago, IL, for Petitioner–Appellant.

Rita M. Novak, Office of the Attorney General, Chicago, IL, Marie Q. Czech (argued), Office of the State's Attorney of Cook County, Criminal Appeals Division, Chicago, IL, for Respondent–Appellee.

Before POSNER, Chief Judge, and MANION and ROVNER,. Circuit Judges.

POSNER, Chief Judge.

Cartalino was convicted in an Illinois state court of a murder committed in 1979, and was sentenced to life in prison. His codefendant, Bridges, was acquitted. The two had been tried at the same time before the same judge, Michael Close, but Bridges elected a bench trial and Cartalino a jury trial, so that Judge Close merely presided at Cartalino's trial whereas he was the decider of Bridges' case. After exhausting his state remedies, Cartalino filed an application for federal habeas corpus that the district court dismissed without a hearing.

Cartalino had presented evidence in state postconviction proceedings that Bridges had bribed Judge Close for an acquittal. The federal district court erroneously stated that the state appellate court in Cartalino's state postconviction proceeding had found this to be true; all it found was that there was "direct evidence" of the bribe; but in this court the state has accepted the district court's characterization of the state determination. The accusation may well be true, even though Close (who is no longer a judge) has never been prosecuted; for not only has Bridges admitted bribing Close, see *Bridges v. United States*, 794 F.2d 1189, 1191 (7th Cir.1986), but Bridges' lawyer spent a year in jail for contempt rather than testify in the federal investigation of judicial corruption in Cook County; and testimony in other "Greylord" cases has incriminated Close. We do not know whether he was in fact bribed by Bridges; but given the state's concession, we treat it as true.

■ A criminal defendant has a federal constitutional right to be tried before an impartial judge. *Bracy v. Gramley*, — U.S. —, —, 117 S.Ct. 1793, 1797, 138 L.Ed.2d 97 (1997); *Johnson v. Mississippi*, 403 U.S. 212, 216, 91 S.Ct. 1778, 1780, 29 L.Ed.2d 423 (1971) (per curiam); *In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955); *Tumey v. Ohio*, 273 U.S. 510, 535, 47 S.Ct. 437, 445, 71 L.Ed. 749 (1927); *Walberg v. Israel*, 766 F.2d 1071, 1076–77 (7th Cir. 1985). The right is not subject to the harmless-error rule, so it doesn't matter how powerful the case against the defendant was or whether the judge's bias was manifested in

rulings adverse to the defendant. *Edwards v. Balisok*, — U.S. —, —, 117 S.Ct. 1584, 1588, 137 L.Ed.2d 906 (1997); *Tumey v. Ohio, supra*, 273 U.S. at 535, 47 S.Ct. at 445; *Walberg v. Israel, supra*, 766 F.2d at 1076. And it is irrelevant that Cartalino was convicted by a jury, *id.* at 1076, for the judge's role in presiding over a jury trial is obviously not of a merely ministerial character, as in *Ward v. Village of Monroeville*, 409 U.S. 57, 62 n. 2, 93 S.Ct. 80, 84 n. 2, 34 L.Ed.2d 267 (1972), in which no opportunity to act on bias could arise. A bribed judge is deemed partial whatever the fact of the matter may be. *Bracy v. Gramley, supra*, — U.S. at —, 117 S.Ct. at 1797.

But the fact that a judge is bribed in some cases does not establish that he was not impartial in others. *Id.* at —, 117 S.Ct. at 1797. That a judge who takes bribes to acquit defendants in some cases may have an incentive in others to throw the book at the defendant in order to avoid charges of being soft on criminals is not proof that he was not impartial in the criminal cases in which he was not bribed. *Id.* at —, 117 S.Ct. at 1797. It is merely a suspicious circumstance that warrants further inquiry. *Id.* at —, 117 S.Ct. at 1799.

This principle, rejecting an irrebuttable inference of bias from the taking of bribes in other cases, may hold even when, as in this case, the bribe involves a codefendant and the two defendants are tried together, albeit one to the jury and the other to the judge. It is not *inconceivable* that the judge would treat the nonbribing defendant fairly—even that he might lean over backwards in his favor lest that defendant, and observers of the court, infer corruption from the disparate treatment of codefendants. Yet, as we are about to see, this possibility is remote in the circumstances of this case. And the corrupt judge might retaliate against the defendant for not having bribed him—and thus show the bribing defendant what a good deal he got—or might throw the book at the nonbribing defendant in order to assuage the desire of the crime victim or, if he's dead, the victim's family for revenge. Either of these reactions may be more likely than that the judge would either treat the defendant fairly or actually favor him, especially in this case. Three individuals were involved in the murder. One had pleaded guilty to a lesser offense; Bridges had been acquitted, presumably because of the bribe; had Cartalino also been acquitted, leaving the murder unsolved, Judge Close would have had a lot of explaining to do. But our point is only that the fact of a codefendant's having bribed the judge does not in and of itself establish the judge's lack of impartiality in the defendant's trial.

There is, however, more here. One of the affidavits that Cartalino presented to show that Bridges had bribed the judge asserts that part of the deal was that Cartalino would "take the fall"—which could mean that Judge Close would do what he could to see that the jury convicted Cartalino. If the judge was party to such an agreement, then he was not impartial; he had committed himself to lean against the defendant. It would be as if he had taken a bribe to convict—as clear a case of denial of due process of law as can be imagined.

The state appellate court brushed aside the affidavit because there was no evidence that Judge Close made any biased rulings in Cartalino's case. But that is not the issue. The issue is whether the judge was biased, regardless of how his bias may have manifested itself, or failed to manifest itself, in any defendant's case. Since Cartalino was a fugitive during much of the trial, it wouldn't have been difficult for the judge to turn the jury against him by hints or gestures impossible to detect in judicial review long after the event. But, to repeat, that is not the issue. The issue is whether the judge was biased, even if he kept his bias to himself. Since the district court did not address this issue, the case must be remanded for a determination of whether Judge Close agreed to try to get Cartalino convicted—in which event Cartalino is clearly entitled to a new trial.

There is an additional reason for remanding the case. Although we do not think that the bribing of a simultaneously tried codefendant in the circumstances presented by this case is conclusive proof of

judicial bias, it is such strong evidence—much stronger than the evidence in *Bracy*—that we think it shifts the burden of persuasion to the state, to show that there was no actual bias. In general, it is true, the defendant must prove actual bias; a mere appearance of bias, of partiality, is not enough. *Del Vecchio v. Illinois Dept. of Corrections*, 31 F.3d 1363, 1372 (7th Cir.1994) (en banc); cf. *Walberg v. Israel, supra*, 766 F.2d at 1077. But we noted in *Del Vecchio* an exception, well established in the Supreme Court's cases (see, e.g., *Tumey v. Ohio, supra*, 273 U.S. at 535, 47 S.Ct. at 445), for "a possible temptation so severe that we might presume an actual, substantial incentive to be biased," 31 F.3d at 1380, even if there was no proof that the temptation had been yielded to. We said earlier in this opinion that a bribed judge is biased per se; but of course he might not be *actually* biased—he might pocket the bribe yet exercise his independent judgment, reneging on his deal with the briber. The cases consider this possibility too small, or the symbolic importance of an impartial tribunal too great, to justify conducting a factual inquiry into whether the biased judge actually acted on his bias. Especially because of the difficulty of peering into the minds of corrupt judges, who are unlikely to confess, the courts draw a line under evidence that creates a powerful inference of bias though conclusive proof is lacking, and do not permit rebuttal. The circumstances of this case bring us very close to the point at which a demand for further evidence would be otiose; perhaps it reaches it. But rather than make this determination on an incomplete record, we prefer to remand for further proceedings consistent with this opinion.

VACATED AND REMANDED.

ROVNER, Circuit Judge, concurring in the judgment.

I agree with my colleagues that the evidence that Judge Close was bribed to acquit Cartalino's co-defendant is more than sufficient to warrant remand to the district court, where the state will bear the burden of persuading the district judge that the bribe resulted in no actual bias against Cartalino. *Ante* at 10–11. I also endorse their observation that the circumstances of the bribe in this case may be so compelling as to obviate the need for any further evidence of actual bias. *Ante* at 11. What I do not endorse is their assertion, unnecessary to the resolution of this case, that the fact that a trial judge was bribed in some cases fails to establish that he was as impartial as the Constitution requires in other cases. *See ante* at 10. The Supreme Court's opinion in *Bracy v. Gramley*, —— U.S. ——, ——, 117 S.Ct. 1793, 1799, 138 L.Ed.2d 97 (1997), establishes that, at minimum, this is a circumstance warranting further inquiry, as my colleagues acknowledge (*ante* at 10), but nothing in *Bracy* actually decides whether and under what circumstances a judge's bribe-taking in other cases will warrant relief in a case where money did not change hands. Nor do I join my colleagues' suggestion that the trial judge's acceptance of a bribe to acquit a co-defendant, standing alone, may be insufficient to taint the petitioner's conviction. *Ante* at 10. For the reasons I expressed in *Bracy v. Gramley*, 81 F.3d 684, 699–703 (7th Cir.1996) (Rovner, J., dissenting), I am dubious of post-hoc efforts to compartmentalize the impact of a judge's bribe-taking, particularly where, as here, the bribe was tendered by a co-defendant tried jointly with the petitioner. In any case, as my colleagues themselves point out (*ante* at 11), our judgment as to the impact of the bribe should await the development of a complete record; speculative assumptions about the ability of a corrupt judge to remain impartial as to defendants who did not bribe him are therefore inappropriate and wholly gratuitous at this juncture.