**UNITED STATES of America,**
**Appellee,**

v.

**David COOPER, Esq., Defendant–**
**Appellant.**

**No. 02–1584.**

United States Court of Appeals,
Second Circuit.

Argued: Oct. 7, 2003.

Decided: Dec. 23, 2003.

Robert Koppelman, New York, N.Y., submitted a brief for Defendant–Appellant.

Benjamin M. Lawsky, Asst. U.S. Atty., New York, N.Y. (James B. Comey, U.S. Atty., Gary Stein, Asst. U.S. Atty., New York, N.Y., on the brief), for Appellee.

Before: WALKER, Chief Judge; NEWMAN and CARDAMONE, Circuit Judges.

NEWMAN, Circuit Judge.

■ This appeal of a conviction for criminal contempt illustrates the importance of compliance with the requirement that a court's order, violation of which is the basis for the contempt, must be clear and precise, a requirement normally best achieved by incorporating the order in a written document or a transcript of an oral statement. Defendant-appellant David Cooper, an attorney, seeks to overturn an order of the District Court for the Southern District of New York (Constance Baker Motley, District Judge) summarily finding him in criminal contempt of court and imposing a fine of $500. The contempt was based on Cooper's alleged violation of the District Court's instruction, communicated on the telephone, to produce a doctor's affidavit in support of the attorney's claim of his client's illness. The Government agrees that the order should be vacated.

We conclude that the summary procedure of Rule 42(b) of the Federal Rules of Criminal Procedure was impermissibly used in this case, and that, under the circumstances, the absence of a written record of the order alleged to have been violated precludes a conviction for criminal contempt. We therefore vacate the contempt adjudication.

## Background

Cooper represented Angelo Paccione in connection with charges that Paccione had violated the terms of his supervised release following his conviction. On September 10, 2002, at a hearing concerning his alleged violation of supervised release, Paccione told Cooper, and Cooper communicated to Judge Motley, that Paccione would be hospitalized for a cancer operation. Judge Motley responded: "If you're stating that somebody is sick, we have to have a doctor's affidavit that says that."

On September 24, 2002, two days before a scheduled hearing, Paccione was now claiming a heart condition. Cooper obtained a fax from Staten Island University Hospital confirming that Paccione had been admitted to the hospital's coronary care unit. The next day, after speaking with opposing counsel, Cooper called Judge Motley to report the current situation. Judge Motley and Cooper have different recollections of the content of their conversation. Judge Motley recalls that she told Cooper that she would dispatch marshals to bring Paccione to court if Cooper did not produce a doctor's affidavit. Cooper recalls that Judge Motley said that she would send marshals to get Paccione, whatever his condition. Later that day, Judge Motley issued a written order denying an adjournment of the hearing and stating, "If defendant PACCIONE fails to appear, federal marshals will be dispatched pursuant to this order to bring defendant to Courtroom 26A for this hearing."

The next day, September 26, Paccione did not attend the hearing, and Cooper produced only the fax from the hospital. Judge Motley summarily found Cooper in criminal contempt of court and fined him $500. Judge Motley explained, "I'm doing this because, as I've said, we're dealing with a major criminal here," referring to Paccione. Later that day, Judge Motley issued a written contempt order, finding Cooper in contempt and ordering him to pay the $500 fine "for failure to secure a doctor's affidavit setting forth the health reasons why defendant ... could not be present in court for his violation of probation hearing."

## Discussion

### 1. Summary Procedure

■ Rule 42(b) of the Federal Rules of Criminal Procedure authorizes summary disposition of criminal contempt in a judge's "presence if the judge saw or heard the contemptuous conduct." Judge Motley apparently viewed Cooper's conduct as occurring in the "presence" of the court for purposes of Rule 42(b). We disagree.

■ Although Cooper told Judge Motley in open court that he did not have a doctor's affidavit for Paccione, the allegedly contemptuous activity, if a violation at all, was failing to obtain such an affidavit, not reporting that failure to the Court. Conduct in the "presence" of the court, for purposes of Rule 42(b) is conduct that disrupts court proceedings or demonstrates significant disrespect for the court. *See, e.g., United States v. Martin–Trigona,* 759 F.2d 1017, 1024–26 (2d Cir.1985). The summary contempt power is generally limited to cases in which "immediate corrective steps are needed to restore order and maintain the dignity and authority of the court," *Johnson v. Mississippi,* 403 U.S. 212, 214, 91 S.Ct. 1778, 29 L.Ed.2d 423 (1971), and in which there is an "open, serious threat to orderly procedure," *Harris v. United States,* 382 U.S. 162, 165, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965).

### 2. Contemptuous Conduct

18 U.S.C. § 401 provides:

A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as—

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

(2) Misbehavior of any of its officers in their official transactions;

(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401 (2000).

Cooper's allegedly contemptuous conduct consisted of failing to produce a doctor's affidavit to support the claim that Paccione was too ill to appear in court. Such conduct, not occurring in the presence of the court, was punishable under section 401 only if it amounted to "[d]isobedience" to the Court's "lawful writ, process, order, rule, decree, or command." *Id.* § 401(3). Judge Motley based her finding of contempt on Cooper's violation of the instruction she recalls giving him in an unrecorded telephone conversation. Cooper disputes that he was directed to produce a doctor's affidavit.

■ This dispute concerning what was said in the unrecorded telephone conversation illustrates the general desirability of having a written record of any court order that might become the basis for a contempt citation in the event the order is violated. A judge can either issue a written order, as would normally occur in the case of a temporary restraining order or a preliminary injunction; state the terms of the order in open court where the court reporter will transcribe it; or, in circumstances such as those in the pending case where a directive is to be communicated out of court (for example, by telephone), arrange for a court reporter to listen to and memorialize the conversation.

■ We need not decide whether in some circumstances the judge who issues an oral direction that is not memorialized in a transcript can also adjudicate a dispute as to the content of that direction. Clearly, it is the better practice to have a written record to eliminate any doubt as to

the content of the judge's directive. We do not doubt Judge Motley's ability to recall her understanding of her oral directive to Cooper, but we conclude, in the circumstances of this case, that the absence of a written record of her directive deprives her order of the definiteness required to support an adjudication of contempt. *See In re LaMarre*, 494 F.2d 753, 756–57, 758–59 (6th Cir.1974) (contempt based on untranscribed telephonic directive vacated).

## Conclusion

The order of contempt is vacated.