**In the Matter of GRAND JURY PROCEEDINGS.**

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John SUN KUNG KANG, Defendant-Appellant.**

**No. 72-2599.**

United States Court of Appeals, Ninth Circuit.

Oct. 5, 1972.

---

---

David Bettencourt (argued), of Mattoch, Edmunds, Kemper & Brown, ACLU, Honolulu, Hawaii, for defendant-appellant.

Harold M. Fong, Asst. U. S. Atty. (argued), Robert K. Fukuda, U. S. Atty., Honolulu, Hawaii, Henry E. Peterson, Asst. Atty. Gen., David Martin, John McBrien, Washington, D. C., for plaintiff-appellee.

Before HUFSTEDLER and GOODWIN, Circuit Judges, and EAST *, Senior District Judge.

PER CURIAM:

This is an appeal from an order committing appellant to jail for civil contempt upon the appellant's refusal to obey an order of the district court compelling him to answer questions put to him by a federal grand jury and repeated to him by the district court in issuing its order. Prior to appellant's refusal to answer the questions that were the subject of the contempt proceeding, appellant had been granted transactional immunity.

Appellant, an indigent, had requested appointment of counsel to represent him in the civil contempt proceeding. The

---

* Honorable William G. East, Senior United States District Judge, United States District Court for the District of Oregon, sitting by designation.

district court denied the request on the ground that it had no authority to appoint counsel. We have been able to discover no authority specifically requiring appointment of counsel to represent an indigent in a civil contempt proceeding brought to compel a witness to answer questions before a grand jury.

We have concluded that an indigent witness is entitled to appointed counsel in such a proceeding. Threat of imprisonment is the coercion that makes a civil contempt proceeding effective. The civil label does not obscure its penal nature. (*Cf.* Harris v. United States (1965) 382 U.S. 162, 86 S.Ct. 352, 15 L.Ed.2d 240; United States v. Dinsio (9th Cir. 1972) 468 F.2d 1392.)

It is unnecessary to reach the remaining questions presented on appeal, and we decline to do so.

The order is reversed with directions to appoint counsel for appellant if the contempt proceeding is resumed.