*In re* CONTEMPT OF SCHARG

(PEOPLE v GODFREY)

Docket No. 144072. Submitted April 20, 1994, at Detroit. Decided November 7, 1994, at 9:50 A.M.

At the conclusion of a criminal trial in the Recorder's Court for the City of Detroit in which he represented the defendant, attorney Henry M. Scharg was found by the court, Geraldine Bledsoe Ford, J., to be guilty of contempt. In finding Scharg guilty of contempt, the court cited five incidents that occurred during the course of the trial and in the court's presence, in which the court found Scharg to have been disrespectful and disruptive. When informed that the court had found his conduct contumacious, Scharg requested a hearing, which was denied. Scharg appealed, alleging that because the contempt order was deferred until the conclusion of the trial, he was entitled to a full hearing before a different judge.

The Court of Appeals *held:*

In a case where a judge defers consideration of a contempt citation until after the conclusion of the trial, the charges must be considered and heard in a full hearing before another judge, regardless of the objectivity of the original judge. The order of adjudication and sentence for contempt must be vacated and the matter must be remanded for a hearing before a different judge.

Vacated and remanded.

M. L. Stacey, J., dissenting, stated that the trial court's reasoned decision to find Scharg in contempt should be affirmed.

*James A. Waske,* for Henry M. Scharg.

Office of Judicial Assistance, Recorder's Court for the City of Detroit (by *Linda D. Ashford,* Chief Deputy Judicial Assistant), for the Recorder's Court Judge.

Before: WHITE, P.J., and NEFF and M. L. STA-
CEY,* JJ.

WHITE, P.J. At the conclusion of a criminal trial
in which he represented the defendant, attorney
Henry M. Scharg was found in contempt pursuant
to MCL 600.1711; MSA 27A.1711. Scharg was sen-
tenced to fifteen days in jail and fined $250 pursu-
ant to MCL 600.1715; MSA 27A.1715. He appeals
as of right. We vacate the order of adjudication
and sentence for contempt and remand for further
proceedings.

In finding Scharg guilty of contempt, the court
cited five incidents that occurred during the course
of the trial and in the court's presence, in which
the court found Scharg to be disrespectful and
disruptive. However, the contempt citation was
deferred until the conclusion of the trial. After
being informed that the court found his conduct
contumacious, Scharg requested a hearing, which
was denied. On appeal, Scharg argues that because
the contempt order was deferred until the conclu-
sion of the trial, he was entitled to a full hearing
before a different judge. We agree.

Although summary punishment of contumacious
behavior is proper when the behavior is committed
in the court's presence, and the court further
determines that immediate corrective action is
necessary, MCL 600.1711; MSA 27A.1711, sum-
mary punishment is regarded with disfavor when
deferred until the conclusion of a trial. *People v
Kurz,* 35 Mich App 643, 657; 192 NW2d 594 (1971).
The contempt power is limited by necessity and
extends only to the least possible power adequate
to the end proposed. *Id.* at 656, citing *Harris v
United States,* 382 US 162, 165; 86 S Ct 352; 15 L
Ed 2d 240 (1965). Where the contumacious behav-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ior does not require an immediate response, there is no need to sacrifice traditional procedural safeguards. *Kurz* at 656-657. Thus, it has been said that "in every case where a judge defers consideration of a contempt citation until after the conclusion of the trial the charges must be considered and heard before another judge." *Id.* at 659.

Several cases have been cited as supporting a contrary conclusion. We have reviewed these cases and find that they do not compel a contrary result. While a court certainly acts appropriately when deferring the adjudication of an attorney's contempt until the conclusion of the proceedings, inherent in that deferral is the conclusion that the contumacious behavior does not require an immediate response. Such a case presents a different factual situation than a case where the jury is excused and the attorney is immediately cited for contempt. We commend the court for concluding the proceedings without interruption in the face of what the court perceived to be contumacious behavior. However, the court having thus determined that the need to respond was not immediate, Scharg should have been afforded a full hearing before a different judge.

*Kurz* also cites *Mayberry v Pennsylvania,* 400 US 455; 91 S Ct 499; 27 L Ed 2d 532 (1971). In *Mayberry,* the judge had become embroiled in a running bitter controversy with the contemnor. It is argued in this case that a hearing before another judge is not necessary because there is no such controversy between Scharg and the judge. However, recognizing that "[i]t is not in the interest of the sound administration of justice to encourage persons charged with or convicted of criminal contempt to search the transcript of proceedings and attempt to demonstrate that the trial judge acted out of personal animosity, or became

personally embroiled, or that his objectivity can reasonably be questioned," *Kurz* at 659-660, *Kurz* requires a hearing before an independent judge in all deferred summary contempt citations, regardless of the actual objectivity of the court. *Id.* at 660.

The order of adjudication and sentence for contempt is vacated and the matter is remanded for a hearing before a different judge. We do not retain jurisdiction.

NEFF, J., concurred.

M. L. STACEY, J. *(dissenting)*.I would affirm the decision of the trial court. Contemptuous behavior may include oral utterances, motions, gestures, and demeaning conduct. All of these factors can contribute to a stressful situation, which may require court-ordered sanctions, and the finding of contempt.

The trial judge charged with the responsibility of maintaining an efficiently operating court has, by far, the best opportunity to evaluate these various factors, and to make a decision regarding whether certain behavior, on the whole, was or was not contemptuous.

My colleagues have decided, in effect, that had the trial court ruled immediately upon the perceived contumacious behavior, it would have acted in a manner that might have entitled it to receive the hosannas and approbation of the Court of Appeals. This type of legislative hairsplitting would be endorsed heartily by ancient Athenian philosophers and law professors looking for examination questions. It may be that in the law of contempt there are many ideological mansions. However, if the courts are to maintain their position as defenders of justice, their proceedings must

not be infected with the type of conduct displayed before the trial court in this case.

I would join the majority in their tribute to the trial court for conducting itself with constraint. But to then reverse the trial court's reasoned decision is, to quote a well-known Eastern king, "a puzzlement."