**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5411

LARRY R. LINNEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-95-34)

Argued: March 8, 1996

Decided: July 1, 1996

Before MURNAGHAN and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished opinion. Senior Judge Butzner
wrote the opinion, in which Judge Murnaghan and Judge Motz joined.

_____

**COUNSEL**

**ARGUED:** Philip Scott Anderson, LONG & PARKER, P.A., Ashe-
ville, North Carolina, for Appellant. Jerry Wayne Miller, Assistant
United States Attorney, Asheville, North Carolina, for Appellee. **ON
BRIEF:** Robert B. Long, Jr., Asheville, North Carolina, for Appel-
lant. Mark T. Calloway, United States Attorney, Asheville, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

BUTZNER, Senior Circuit Judge:

Larry R. Linney appeals the district court's entry of summary contempt under Rule 42(a) of the Federal Rules of Criminal Procedure. Because we find that Linney did not commit any acts of contempt within the presence of the court--a prerequisite to a Rule 42(a) hearing--we vacate the order of contempt and remand for a hearing conducted pursuant to Rule 42(b).

I

In May 1994, Larry Linney was appointed counsel for Stevie Twitty. Twitty was charged with conspiracy to possess with intent to distribute cocaine and cocaine base. In November 1994, Linney was elected to the North Carolina General Assembly, a position he assumed in January 1995.

In the 12 months in which he represented Twitty, Linney did not devote substantial resources to Twitty's case. He did not attempt to conduct any discovery until three days before jury selection was to begin, and he only filed one motion on behalf of Twitty--a motion for the modification of Twitty's conditions of release.

On April 7, 1995, the court informed Linney that Twitty's case would be called during the May 1, 1995, term of court. Jury selection was scheduled for the morning of Monday, May 8, 1995. Prior to filing a motion for a continuance, Linney, confident that the case would be continued, told his client not to appear in court on May 8. His client, however, came after he phoned the clerk's office and learned that he should appear.

At 3:10 p.m. on Friday, May 5, 1995, Linney filed a motion for continuance and a motion for leave to withdraw from representation

2

of his client. The district court's law clerk, after consulting with the judge, advised Linney that both motions would be denied and that he could voice any objections to these orders on May 8, when Linney was to appear in court.

On May 8, at approximately 10:00 a.m., the district court called Twitty's case for jury selection. Linney advised the court that he was not prepared for trial. He also informed the court that he wished to withdraw. He explained that the North Carolina legislature was at a "critical moment." Linney also claimed a conflict of interest, alleging that budget decisions he made as a state legislator affected the State Bureau of Investigation, whose agents could be called as witnesses in the case. Finally, Linney claimed that he had lost faith in the criminal justice system because of the local district attorney's investigation of him on "trumped up" charges. The May 8 appearance marked the first time Linney made these arguments.

The district court denied Linney's motion for a continuance and motion to withdraw. The court addressed Linney:"I expect you to be present to participate in the selection of jury in the [Twitty] case." Jury selection was scheduled to take place at approximately noon, following selection in another case.

The court then ordered a ten-minute recess before jury selection in the first case was to begin. Attorneys were free to leave the courtroom during the recess. As Linney left the courtroom and was walking through a hallway outside the courtroom, he said:"You will have to come and get me." A United States marshal heard this statement and reported it to the district judge. Both parties agree that the judge did not hear the statement.

At noon, the court called Linney's case for jury selection. Linney was not present. The court then continued the case until 2:00 p.m. The court's deputy clerk, not able to contact Linney by telephone, left a voice mail message instructing him to appear at 2:00 p.m.

The court reconvened at 2:00, at which time Linney was still absent. The district court then issued a warrant for his arrest and ordered the marshal to direct law enforcement agencies to take Linney into custody and to bring him before the court. Linney was arrested

3

in Raleigh, North Carolina, and was detained in the Wake County Jail overnight. The following day, after the allowance of bail, Linney returned to Asheville to appear before the court.

Linney appeared before the court with counsel, who had recently been retained. Counsel requested that, pursuant to Rule 42(b) of the Federal Rules of Criminal Procedure, the court give them notice of a hearing and a reasonable time to prepare a defense to the charge of criminal contempt. The court denied this request, stating that it was proceeding under Rule 42(a): "the Defendant is not being heard under 42(b), the Defendant is being heard under 42(a), a summary contempt for the direct violation of a court order."

In its summary contempt hearing, the court listened to Linney and his attorney and asked Linney questions about his representation of Twitty. The court then issued an order of summary criminal contempt. It ordered Linney to reimburse the government for costs and expenses due to the delay of the case and directed that Linney not be compensated for any vouchers submitted in connection with the case. Finally, the court disbarred Linney from practice before the United States District Court for the Western District of North Carolina.

II

Federal courts possess the power to impose sanctions for contempt committed in or near the presence of the court. 18 U.S.C. § 401. When invoking this power, courts must follow the procedures delineated in Federal Rule of Criminal Procedure 42. Rule 42 provides two types of contempt proceedings: (1) summary disposition, for contempt occurring within the "actual presence" of the court, and (2) disposition upon notice and hearing, for other types of contempt.

Rule 42(a) provides: "A criminal contempt may be punished summarily if the judge certifies that the judge saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. . . ." Courts should invoke Rule 42(a) only in "exceptional circumstances." Harris v. United States, 382 U.S. 162, 164 (1965) (citations omitted); In re Chaplain, 621 F.2d 1272, 1277 (4th Cir. 1980). A court's power of summary contempt is one that "always, and rightly, is regarded with disfavor . . . ." Sacher v. United

4

States, 343 U.S. 1, 8 (1952). The Rule's narrow scope stems from the consequences of summary contempt proceedings, which "allow the court to punish without benefit of counsel, notice, jury, indictment, or presentation of a defense." In re Heathcock , 696 F.2d 1362, 1365 (11th Cir. 1983). Exceptional circumstances allowing courts to apply Rule 42(a) exist when "instant action is necessary to protect the judicial institution itself." Harris, 382 U.S. at 167. Such situations include threats to the judge, disrupting a hearing, or obstructing court proceedings. Id. at 164. Because of the narrow scope of Rule 42(a), the "normal procedure" for conducting contempt prosecutions is under Rule 42(b). Id. at 165.

The central issue in this appeal is whether Linney committed contempt within the actual presence of the court. Because this calls for a legal determination, we review the issue de novo. In this circuit, "the failure [of an attorney] to appear as scheduled, if contumacious, [is] not an act committed `in the actual presence of the court,' and therefore not punishable summarily under Rule 42(a)." United States v. Willett, 432 F.2d 202, 205 (4th Cir. 1970). Other courts have generally held that an attorney's absence from court, standing alone, is not contempt in the presence of the court. See United States v. Nunez, 801 F.2d 1260, 1264 (11th Cir. 1986) (citing cases).

In certain instances, those in which the attorney informs the judge that he will be absent for a particular reason, summary contempt may be appropriate. For example, in United States v. Baldwin, 770 F.2d 1550, 1552 (11th Cir. 1985), the attorney told the court that he would be absent from trial because of a Jewish holiday: "With all due respect, Your Honor, I answer to a higher authority than this court in this matter and I will not be here tomorrow." The Baldwin court's imposition of summary contempt was upheld because of the attorney's "prior refusal to obey the court's order and his explanation of why he would not appear." Id. at 1556. But, the court continued, "[m]ere failure to appear, without prior explanation, should not be punished summarily." Id.

Linney appeared in court on May 8 at 10:00 a.m. He renewed his motion for a continuance, stating his reasons, and asked to be allowed to withdraw as Twitty's counsel. The court denied Linney's motions and told him to appear for jury selection that morning. Linney did not

protest. He did not announce that he would be absent, nor did he voice reasons why he would not be present.

Linney's comment when leaving the courtroom similarly did not occur in the court's presence. At the time of the comment, the court was in recess and attorneys were moving around, some stepping outside the courtroom. Linney, upon leaving the courtroom and passing people in the hall, remarked: "You will have to come and get me." A marshal overheard this remark. The judge did not.

Rule 42(a) applies only to conduct in the "presence of the court"-- conduct that the court "saw or heard" itself."Presence" does not encompass remarks for which the judge must rely on third parties. See United States v. Marshall, 451 F.2d 372, 373 (9th Cir. 1971). Because the judge in this case did not hear Linney's remark and because he had to rely on the testimony of a third party, the remark did not constitute contempt in the actual presence of the court. We do not need to decide whether Linney's comment was an act of contempt. We decide only that such remark was not in the presence of the court.

The determination whether the attorney received Rule 42(b) procedural safeguards depends on the facts of each case. Rule 42(b) provides:

> A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant or, on application of the United States attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. . . .

Rule 42(b)'s requirement of notice and time to prepare a defense contributes to "procedural regularity," which"has been `a large factor' in the development of our liberty." Harris, 382 U.S. at 167.

6

In this case, the district court did not provide the procedural prerequisites required by Rule 42(b). In its summary contempt proceeding, it allowed Linney and his attorney to speak. Yet it refused Linney's attorney's requests for notice of the hearing, a reasonable time for preparation of the defense, and a statement of the facts constituting the criminal contempt charge. The impact of such procedural deficiencies was compounded by the lack of time Linney's attorney had to prepare a defense. The attorney was retained immediately prior to the hearing and he did not have a chance to discuss the case with Linney prior to the hearing.

We vacate the order of summary criminal contempt and remand for a hearing conducted pursuant to Rule 42(b).

<u>VACATED AND REMANDED</u>

7