1997 ME 42

**STATE of Maine**

v.

**Rory HOLLAND.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 24, 1997.

Decided March 13, 1997.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

Neale A. Duffett, Cloutier, Barrett, Cloutier & Conley, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1] Defendant appeals from a judgment entered in the Superior Court (Cumberland County, *Crowley, J.*) affirming a judgment entered in the District Court (Portland, *Mac-Nichol, J.*) on a summary conviction of criminal contempt pursuant to M.R.Crim.P. 42(a).[1] On appeal defendant argues that the District Court failed to comply with Rule 42(a), that the facts are insufficient to support a summary contempt conviction, and that the District Court abused its discretion by imposing a 48 hour jail sentence. We conclude that the facts certified by the District Court are insufficient to support the conviction and vacate the judgment.

[¶ 2] The facts certified by the District Court in its Contempt Order are as follows:

The Defendant Rory Holland disrupted the arraignment session of District Court on this date by entering the Court and leaving on at least six separate occasions. This was done in a one hour time span. This was a blatant and calculated attempt by Mr. Holland to disrupt the Court. He has engaged in these tactics in the past.

On resuming Court video arraignments at approximately 10:30 this morning, the Defendant, again, entered the Court and sat down. In a low voice I instructed the Court Officer to ask the Defendant to leave the courtroom. The Defendant started to argue with the Court Officer and

---

1. A criminal contempt may be punished summarily if the justice or judge certifies that the justice or judge saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the justice or judge and entered of record.
M.R.Crim.P. 42(a).

made no attempt to leave. I then ordered the Defendant to leave the courtroom, he did not move and he made no answer. I instructed him that if he did not leave, I would hold him in contempt. Again, he made no answer and he did not move. I then found him in contempt, sentenced him to 48 hours in County Jail, and recessed the Court.

[¶ 3] When a trial judge confronts a breach of decorum, there is little time for reflection or research. The judge must immediately determine whether the conduct constitutes contempt and whether a summary or a plenary proceeding is required. A criminal contempt of court is "any act which is calculated to embarrass, hinder or obstruct the court in the administration of justice or to lessen its authority or dignity." *State v. Delong*, 456 A.2d 877, 881 (Me.1983). Wilfulness, an essential element of criminal contempt, is established if the act is done by one who "should reasonably have been aware that his conduct was wrongful." *State v. Campbell*, 497 A.2d 467, 473 (Me.1985) (quoting *Commonwealth of Pennsylvania v. Local Union 542, International Union of Operating Engineers*, 552 F.2d 498, 509 (3d Cir. 1977)).

[¶ 4] The Maine Rules of Criminal Procedure authorize summary conviction of criminal contempt if the contumacious conduct is committed in the actual presence of the court. M.R.Crim.P. 42(a). A summary conviction for contempt imposes criminal penalties in an extraordinary proceeding in which "the function of judge, jury and prosecutor [are] combined in a single individual." *In re Bernard*, 408 A.2d 1279, 1282 (Me. 1979). In *Bernard*, we held that a summary proceeding is to be "strictly guarded", and will not be justified unless the contumacious conduct "actually obstructed the administration of justice." *Id.* Consistent with this requirement is the additional requirement

that summary proceedings are justified only in the presence of "an overriding need for immediate punishment to prevent the contumacious conduct from disrupting the orderly progress of the trial." *Id.* (citing *Harris v. United States*, 382 U.S. 162, 165, 86 S.Ct. 352, 354, 15 L.Ed.2d 240 (1965)). Thus, a summary conviction will be upheld when it can "clearly be shown" that defendant engaged in a wilful and actual obstruction of the administration of justice that presented an overriding need for immediate punishment. *Campbell*, 497 A.2d at 472 (quoting *In re McConnell*, 370 U.S. 230, 236, 82 S.Ct. 1288, 1292–93, 8 L.Ed.2d 434 (1962)).

[¶ 5] Rule 42(a) operates on the premise that proof of the offending conduct is not necessary when the court has witnessed it. Because there are no fact-finding procedures designed to reveal the truth, the findings of the court must be taken as true, undisputed, and complete. It is for this reason that Rule 42(a) requires that "[t]he order of [summary] contempt shall recite the facts and shall be signed by the justice or judge and entered of record." M.R.Crim.P. 42(a).

> Rule 42(a) requires three things: (1) the justice must certify that he saw or heard the contemptuous conduct, (2) the justice must certify that the conduct was committed in the court's presence, and (3) the signed order must recite the necessary facts.

*Delong*, 456 A.2d at 883. The court's signed order facially complies with each of these requirements. The order describes the offensive conduct—entering and leaving the courtroom several times within one hour;[2] it indicates the conduct occurred in the courtroom; and although the order does not affirmatively state that the judge saw or heard the conduct, this fact is documented in the transcript.[3]

[¶ 6] The purpose of the certification requirement is to present a full and clear

---

2. The State argues that the court also found defendant in contempt for failing to respond to the request to leave the courtroom. Because the lawfulness of the order to leave depends upon the occurrence of disruptive conduct, the court appropriately focused on defendant's conduct in entering and leaving the courtroom as the basis for the finding of contempt.

3. "Although the better practice would be for the court to state explicitly that it saw or heard the refusal (to testify), the fact that the court did see and hear Tammy Delong's conduct is an objective fact that is thoroughly documented in the transcript." *Delong*, 456 A.2d at 883.

statement of the facts out of which the contempt arose to avoid "compelling the appellate court to *infer* from a transcript the basis of the contempt." *Delong,* 456 A.2d at 882. "[O]nly the filing of the certificate can establish a record of what facts the Justice found to be contemptuous." *Alexander v. Sharpe,* 245 A.2d 279, 289 (Me.1968).[4] Thus, whether the courtroom conduct amounts to criminal contempt is a question of law for the appellate court to determine based on the undisputed facts. When, as here, an appeal is taken from the Superior Court acting as an appellate court, we review directly the record before the trial court.

[¶ 7] The order recites that defendant's conduct consisted of entering and leaving the courtroom six times within an hour while the court was conducting video arraignments. Although such conduct could obstruct the administration of justice, we cannot conclude on the facts of this case that an actual obstruction has been clearly shown. In *Campbell,* we upheld the summary contempt conviction of an attorney for leaving the courtroom several times, as "part of his continuing refusal to abide by the ruling of the court excluding his client from the proceedings." *Campbell,* 497 A.2d at 472. It was clearly shown, however, in the trial court's certification of facts that the attorney's conduct had repeatedly interrupted the progress of a criminal trial. There is no similar showing in the present case. Defendant was a spectator attending the court to observe morning arraignments, unlike the attorney in *Campbell,* whose presence was required in an ongoing jury trial. Although the court order states that defendant "disrupted the arraignment session", and that "[h]e has engaged in these tactics in the past", such conclusory comments do not suffice to show an actual obstruction. *Alexander,* 245 A.2d at 288.

[¶ 8] Nor are the facts sufficient to clearly show that defendant's conduct was wilful. Defendant, a layperson attending arraignments that were open to the public, was not warned to refrain from entering and leaving the courtroom. The facts recited in the order do not support the conclusion that his conduct was so disruptive that he "should reasonably have been aware that his conduct was wrongful." Although the court's comment about past "tactics" and a "blatant and calculated attempt ... to disrupt" may suggest such an awareness, we may not infer it from such conclusory statements.

[¶ 9] We recognize that the summary contempt power "cannot be denied the trial judge in an appropriate case without inviting or causing such obstruction to the orderly and impartial administration of justice as would endanger the rights and safety of the entire community.'" *Bernard,* 408 A.2d at 1282. We also recognize that the judge who witnesses the courtroom conduct is in the best position to determine whether the conduct was wilful and whether it actually obstructed the proceedings of the court. Nevertheless, the extraordinary nature of the power of summary contempt demands that a sufficient factual basis to support the conviction be clearly shown and certified in the court order. We are compelled to conclude that the facts in this case are insufficient to support the conviction.

The entry is:

Judgment vacated. Remanded with instructions to dismiss the summary contempt proceedings initiated by the District Court.

---

4. In *Delong,* 456 A.2d at 882, we held that Rule 42(a) does not require two separate documents, an order and a certificate: the facts may be recited in the contempt order signed by the judge or justice.