**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 27, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SAMUEL LEE DARTEZ, II,

    Plaintiff - Appellee,

v.

RICK PETERS; FNU WARE; MARK
FRENCH; BRIAN JOHNSON; ROBERT
W. DIERKS; ALEX R. TAYLOR; JASON
S. BAILEY; CHRISTOPHER BEAS;
DANIEL W. DILORETO;
CHRISTOPHER P. MAI; COLBY J.
MARKHAM; DAVID RUBLE; BRIAN S.
HEDGECOCK,

    Defendants.

------------------------------

GREGORY P. GOHEEN,

    Attorney - Appellant.

No. 18-3073
(D.C. No. 5:15-CV-03255-EFM-GEB)
(D. Kansas)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

[*] After examining the brief and appellate record, this panel determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Samuel Lee Dartez, II, initiated a 42 U.S.C. § 1983 action against several named defendants and seven John Doe defendants who worked for the Kansas Highway Patrol ("KHP"). Gregory P. Goheen appeared as counsel on behalf of two named defendants who worked for the KHP, and the district court ordered those two defendants to disclose the names of the John Doe defendants. Mr. Goheen disclosed the names of thirty-four KHP officers. At a show cause hearing, the district court held Mr. Goheen in contempt, reserving issuance of a sanction. Six months later, the district court ordered Mr. Goheen to perform 100 hours of pro bono service.

Mr. Goheen appeals from the district court's contempt and sanction orders, contending the sanction imposed renders the contempt criminal in nature but that the proceeding resulting in the contempt order did not comply with the requirements set forth in Federal Rule of Criminal Procedure 42. Concluding (1) the sanction imposed was punitive rather than coercive or compensatory, rendering the contempt criminal in nature; (2) the conduct cited in support of the contempt did not permit for summary disposition under Rule 42(b); and (3) the district court neither provided Mr. Goheen adequate notice nor appointed a prosecutor before holding Mr. Goheen in contempt as required by Rule 42(a), we vacate the district court's contempt and sanction orders and remand for further proceedings.

## I.    BACKGROUND

On November 13, 2014, members of the KHP, as well as two other law enforcement agencies, oversaw Mr. Dartez's arrest. Through a § 1983 action, Mr. Dartez alleged KHP officers "brutally beat[]" him and that some officers at the scene

2

of the arrest looked on without intervening or providing medical care. Amended Complaint at 2, *Dartez v. Peters*, No. 5:15-cv-03255-EFM-GEB (D. Kan. June 30, 2016) ECF No. 11. In his amended complaint, Mr. Dartez named as defendants (1) Rick Peters and Lieutenant Robert Ware of the KHP; (2) seven John Doe defendants, identified as KHP officers; and (3) six named members of law enforcement agencies other than the KHP.

Mr. Goheen entered an appearance on behalf of Mr. Peters and Lt. Ware. Mr. Dartez filed a request for production of documents, seeking the names and contact information of the KHP officers who arrested him, as well as KHP members present on the scene during the arrest. Mr. Goheen, on behalf of Mr. Peters and Lt. Ware, filed three motions for extensions of time to file answers to Mr. Dartez's amended complaint and to respond to his request for production of documents.[1] A magistrate judge granted each motion. On November 28, 2016, before filing an answer or responding to Mr. Dartez's request for production of documents, Mr. Peters, Lt. Ware, and the John Doe defendants moved to dismiss Mr. Dartez's claims against them. In part, the motion argued the claims against the John Doe defendants should be dismissed pursuant to Federal Rule of Civil Procedure 4 for

---

[1] During the time Mr. Goheen sought extensions on behalf of Mr. Peters and Lt. Ware, other named defendants filed answers and motions for summary judgment.

3

failure to timely complete service of process within 120 days of the amended complaint[2] and that the statute of limitations precluded refiling of the claims.

The district court granted in part and denied in part the KHP defendants' motion to dismiss. Relevant to this appeal, the district court concluded Mr. Dartez established good cause for not completing service of process on the John Doe defendants due to the failure of Mr. Peters, Lt. Ware, and Mr. Goheen to respond to the request for production of documents.[3] To facilitate Mr. Dartez's ability to complete service of process on the John Doe defendants, the district court ordered Mr. Peters and Lt. Ware to "take all reasonable steps to ascertain the full names and service addresses of John Doe Nos. 1–7 allegedly involved in the incident described in the Amended Complaint" and to "submit to the Court and to [Mr.] Dartez the full names and service addresses of John Doe Nos. 1–7 within 30 days [of July 19, 2017]." App'x at 36–37.

On August 10, 2017, nearly eleven months after Mr. Goheen entered his appearance, Mr. Goheen provided Mr. Dartez with the names of thirty-four KHP officers. The district court convened a status conference hearing on its order granting in part and denying in part the KHP defendants' motion to dismiss and requiring Mr. Peters, Lt. Ware, and Mr. Goheen to disclose the names of the John Doe defendants.

---

[2] Although the motion argued Mr. Dartez had 120 days to complete service of process, the 120-day time period in Federal Rule of Civil Procedure 4(m) was reduced to 90 days as part of the 2015 amendments to the Federal Rules of Civil Procedure.

[3] The district court described Mr. Peters's, Lt. Ware's, and Mr. Goheen's conduct as "misleading and evasive." App'x at 34.

4

At the hearing, the district court took issue with Mr. Goheen providing thirty-four names as the court "seriously doubt[ed] that these 34 troopers were present at the incident in question." *Id.* at 173. The court stated that providing a list of thirty-four names was "in complete defiance" of its order and "ma[de] a mockery of what the Court asked." *Id.* After a brief colloquy, Mr. Goheen acknowledged that while all thirty-four officers responded to the dispatch call, some of the officers did not participate in or observe Mr. Dartez's arrest but rather patrolled a perimeter one-mile around the arrest scene. The district court suggested Mr. Goheen engaged in "further obfuscation" in an effort to "again delay" revealing the identity of the KHP officers Mr. Dartez sought to sue. *Id.* at 177. And when Mr. Goheen denied understanding who Mr. Dartez intended to sue, the district court accused Mr. Goheen of "willful ignorance." *Id.* at 179. The district court then asked Mr. Goheen if he knew "who the troopers were at the car arresting [Mr. Dartez]," and Mr. Goheen provided specific names prior to the close of the hearing. *Id.* at 180.

Subsequent to Mr. Goheen providing the names, the district court stated the following findings and held Mr. Goheen in contempt of court:

> I have to tell you that I consider defendant's conduct in this case to be the sort of sharp and -- well, I'll just call it sharp practice that, frankly, I'm proud of the fact that Kansas lawyers do not usually engage in. It's taking every advantage of the rules to obfuscate, to delay, to deny information, to take advantage of an unrepresented party, notwithstanding the rules of this court . . . to interpret their requests broadly and not hold them to technical requirement.
>     As Mr. Goheen has noted, these are ethical charges that I am, in essence, bringing against him. . . .
>     I guess in the strictest sense, though, I cannot find that what he did, although I think deplorable and I think not consistent with the

5

practice that the federal court expects of its counsel under Rule 1[1] nor that Kansas courts expect of Kansas counsel, I cannot find that it was an ethical violation. And so although I deplore it and although, frankly, I will consider that with respect to the other proceedings in this case, I cannot hold counsel to an ethical violation with respect to those.

However, it appears to me that there's no reasonable interpretation of my order to identify the troopers that could have resulted in a response to identify 34 names. I've heard Mr. Goheen's explanation of that. I've pushed him at it repeatedly, to allow him to restate the reasons why he thought what my order and my clarification at his request specified that I wanted, but no reasonable person, reading [Mr. Dartez's] amended complaint and his requests and the Court's order, could have concluded that the Court was looking for 34 names.

I find that response to be in direct violation of the Court's request. I find Mr. Goheen to have done that in a further attempt to delay responding to those names, names which he had because, as I pressed him here, he knew what I wanted, he knew immediately what I wanted, and his associate was able to obtain those names within less than ten minutes, and yet that's not what he gave me in response to my earlier request.

I find that to be in violation of the Court's order that he provide those names, and for that I am determining that he should be held in contempt of this court for violation of a direct order of the court.

I'm going to defer issuing a sanction as to that contempt ruling until we have an opportunity to determine the materiality of the prejudice to plaintiff in this case. I think, notwithstanding what Mr. Goheen just said, that we're not talking about discovery requests and prejudice to the client; we're talking about ethical rules. They are, in fact, related, and I think a sanction to be imposed should be weighed in the context of what -- of what the detriment to [Mr. Dartez] is in this case. But the Court is finding Mr. Goheen in contempt of the court for refusing to comply without any reasonable basis to the Court's order that the seven names be identified to [Mr. Dartez]. I find that his response [with the thirty-four names] was a complete willful violation of that, and I will determine what sanction to impose with respect to that contempt at a later time as I've just indicated.

*Id.* at 205–07. On the same day as the hearing, the district court entered a written

order holding Mr. Goheen in contempt of court and deferring issuance of a sanction.

6

On March 7, 2018, six months after the hearing, the district court imposed a sanction of "100 hours of pro bono service, as directed by a judge of this Court." *Id.* at 212.

On appeal, Mr. Goheen challenges both the procedure and the substance of the district court's contempt holding. Procedurally, Mr. Goheen argues the imposed sanction renders the contempt criminal in nature because it neither coerced him to engage in conduct nor provided Mr. Dartez with any compensation. And Mr. Goheen argues that where the contempt was criminal in nature, Federal Rule of Criminal Procedure 42 governed but summary disposition was not appropriate under Rule 42(b) and the proceeding resulting in the contempt holding did not satisfy the requirements of Rule 42(a). As to his substantive challenge, Mr. Goheen argues there was insufficient evidence to satisfy the second element of criminal contempt—willful disobedience of a court order.[4] *See United States v. Themy-Kotronakis*, 140 F.3d 858, 861 (10th Cir. 1998) (stating elements of criminal contempt).

## II.  DISCUSSION

We provide the standard of review before determining whether the sanction imposed by the district court rendered the contempt criminal in nature rather than civil. Concluding the contempt was criminal in nature, we then consider whether the proceeding resulting in the contempt holding satisfied Federal Rule of Criminal Procedure 42.

---

[4] Mr. Dartez filed a notice indicating he will not be filing a brief on appeal but acknowledged that the contempt sanction "did not provide [him] with any affirmative relief" and that "[t]he information [he] sought regarding the John Doe defendants has been provided." Notice by Pl./Appellee That No Br. Will Be Filed at 2 (Aug. 6, 2018) ECF No. 10580008.

**A.** *Standard of Review*

"A district court has broad discretion in using its contempt power to require adherence to court orders." *Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.*, 84 F.3d 367, 370 (10th Cir. 1996) (quotation marks omitted). "However, in determining whether a court committed legal error by violating limits on its contempt power, our review is de novo." *Id.*

**B.** *Nature of Contempt*

**1. Legal Background**

"The distinction between civil and criminal contempt turns on the 'character and purpose' of the sanction." *Armstrong v. Rushton* (*In re Armstrong*), 304 B.R. 432, 437 (10th Cir. B.A.P. 2004) (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994)); *see Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441 (1911) ("It is not the fact of punishment, but rather its character and purpose, that often serve to distinguish between [civil and criminal contempt] cases."). "[C]ivil contempt is characterized by the court's desire 'to compel obedience of the court order or to compensate the litigant for injuries sustained from the disobedience.'" *Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496, 500 (10th Cir. 1980) (quoting *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 827 (5th Cir. 1976)); *see Bagwell*, 512 U.S. at 827 ("[A] contempt sanction is considered civil if it 'is remedial, and for the benefit of the complainant.'" (quoting *Gompers*, 221 U.S. at 441)). Where an order seeks to compel obedience, the party held in contempt "carries the keys of his prison in his own pocket" and "can end the

8

sentence and discharge himself at any moment by doing what he had previously refused to do." *Gompers*, 221 U.S. at 442 (quotation marks omitted).

On the other hand, "[t]he primary purpose of a criminal contempt is to punish defiance of a court's judicial authority. Accordingly, the normal beneficiaries of such an order are the courts and the public interest." *Ager*, 622 F.2d at 499–500; *see Gompers*, 221 U.S. at 441 (describing criminal contempt sanction as "punitive, to vindicate the authority of the court"). And criminal contempt sanctions are "fixed" regardless of the contemnor's future conduct. *Bagwell*, 512 U.S. at 828. To this point, contempt is criminal in nature if the sanction is "definite," the contemnor "is furnished no key," and the contemnor cannot lessen the sanction "by promising not to repeat the offense." *Gompers*, 221 U.S. at 442. Finally, a contempt sanction imposed after the contemnor disobeys a court order is criminal in nature if it does not "undo or remedy what has been done, nor afford any compensation for the pecuniary injury caused by the disobedience." *Id.*

## 2. Analysis

We conclude the sanction imposed by the district court rendered the contempt criminal in nature. First, the sanction was not coercive. Rather, the district court held Mr. Goheen in contempt after he complied with the court order and provided Mr. Dartez the names of the John Doe defendants who arrested Mr. Dartez. Furthermore, the district court did not impose a sanction until six months after holding Mr. Goheen in contempt. Thus, based on the timing of the contempt holding and the sanction relative to Mr. Goheen's offending conduct, Mr. Goheen had no ability to bring his

conduct into accord with the district court order and free himself of the contempt.

Second, the sanction was not compensatory. While the district court, when holding

Mr. Goheen in contempt, suggested an intent to impose a sanction that compensated

Mr. Dartez, the sanction selected by the district court, 100 pro bono service hours,

did not compensate Mr. Dartez. Instead, the sanction was punitive in nature and

benefited the public at large.[5]

### C.     *Compliance with Federal Rule of Criminal Procedure 42*

### 1.  Legal Background

"'Criminal contempt is a crime in the ordinary sense,' and 'criminal penalties

may not be imposed on someone who has not been afforded the protections that the

Constitution requires of such criminal proceedings.'" *Bagwell*, 512 U.S. at 826 (first

quoting *Bloom v. Illinois*, 391 U.S. 194, 201 (1968); then quoting *Hicks v. Feiock*,

485 U.S. 624, 632 (1988)). "Before the 19th century was out, a distinction had been

carefully drawn between contempts occurring within the view of the court, for which

a hearing and formal presentation of evidence were dispensed with, and all other

contempts where more normal adversary procedures were required." *Bloom*, 391 U.S.

at 204 (citing *In re Savin*, 131 U.S. 267 (1889); *Ex parte Terry*, 128 U.S. 289

(1888)). Rule 42 of the Federal Rules of Criminal Procedure codifies this distinction

---

[5] We ordered Mr. Goheen to file a memorandum addressing this court's jurisdiction over his appeal. Because we conclude the contempt is criminal in nature, we possess jurisdiction over this appeal. *See Law v. NCAA*, 134 F.3d 1025, 1030 (10th Cir. 1998) ("[W]hen . . . a contempt order contains both a punitive and a coercive dimension, for purposes of appellate review it will be characterized as a criminal contempt order. As such, it is appealable as a final judgment under 28 U.S.C. § 1291." (citation omitted)).

and provides "many of the procedural protections available to criminal contemnors."

*Id.* at 205.

Rule 42 provides two mechanism through which a district court may hold a person in contempt: (1) summary disposition under Rule 42(b) or (2) disposition after notice under Rule 42(a). *See Harris v. United States*, 382 U.S. 162, 167 (1965) (observing that when contempt does not fall within summary disposition provision of Rule 42, "a hearing and only a hearing will elucidate all the facts and assure a fair administration of justice").[6]

Rule 42(b) states:

> **Summary Disposition**. Notwithstanding any other provision of these rules, the court (other than a magistrate judge) may summarily punish a person who commits criminal contempt *in its presence* if the judge saw or heard the contemptuous conduct and so certifies . . . . The contempt order must recite the facts, be signed by the judge, and be filed with the clerk.

(emphasis added). Summary disposition contempt proceedings under Rule 42(b) are "reserved 'for exceptional circumstances' such as acts threatening the judge or disrupting a hearing or obstructing court proceedings." *Harris*, 382 U.S. at 164 (quoting *Brown v. United States*, 359 U.S. 41, 54 (1959) (Warren C.J., dissenting). The ability to impose contempt under Rule 42(b) is limited to situations where misbehavior occurs "in the actual presence of the Court." *Id*. The requirement that the contempt occur in the "presence" of the court focuses on the contemnor's

---

[6] When Rule 42 was first enacted, sections (a) and (b) were in reverse order. *See Harris v. United States*, 382 U.S. 162, 164 (1965) (identifying Rule 42(a) as providing for summary dispositions).

physical presence before the court at the time of the action supporting the contempt and does not reach so broadly as to include an act performed outside the physical presence of the court even if the act has "some direct relation to the work of the court." *Nye v. United States*, 313 U.S. 33, 49 (1941). Finally, summary disposition is permissible because, in some instances, "*speedy punishment* may be necessary in order to achieve 'summary vindication of the court's dignity and authority.'" *Harris*, 382 U.S. at 164 (emphasis added) (quoting *Cooke v. United States*, 267 U.S. 517, 524 (1925)).

Under Rule 42(a), "[a]ny person who commits criminal contempt may be punished for that contempt *after prosecution on notice*." (emphasis added). "[N]otice is a basic requirement for any criminal contempt proceeding." *Law v. NCAA*, 134 F.3d 1025, 1030 (10th Cir. 1998); *see also Cooke*, 267 U.S. at 536 ("[W]hen not taken for matters occurring in open court, in the presence of the judges, notice should be given to the attorney of the charges made and opportunity afforded him for explanation and defen[s]e." (quoting *Randall v. Brigham*, 74 U.S. (7 Wall.) 523, 540 (1868))). Rule 42(a)(1) imposes the following notice requirement on the district court:

> **Notice.** The court must give the person notice in open court, in an order to show cause, or in an arrest order. The notice must:
> (A)   state the time and place of the trial;
> (B)   allow the defendant a reasonable time to prepare a defense; and
> (C)   state the essential facts constituting the charged criminal contempt and describe it as such.

12

And to maintain the adversarial nature of the contempt proceeding while promoting the appearance of objectivity on the part of the trial judge, Rule 42(a)(2) requires that the court "request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt."

## 2. Analysis

The district court's imposition of contempt neither fell within the purview of Rule 42(b) nor satisfied the procedural requirements of Rule 42(a). Although Mr. Goheen was in the presence of the court when it held him in contempt, the action for which it held him in contempt—providing Mr. Dartez with thirty-four names—occurred before the status conference hearing and outside the presence of the court. Further, where the court waited six months to impose a sanction, the record defeats any suggestion that summary contempt was necessary to vindicate the court's dignity and authority.

As to Rule 42(a), the district court's text order scheduling the status conference neither placed Mr. Goheen on notice that he was facing a criminal contempt charge nor stated the essential facts of that charge. And where a reasonable person could not discern from the text order that the district court intended to commence a criminal contempt proceeding, it follows that the court did not provide Mr. Goheen "reasonable time to prepare a defense." *See* Fed. R. Crim. P. 42(a)(1)(B). Furthermore, the district court never sought to appoint an attorney to prosecute the criminal contempt proceeding, but rather took it upon itself to prosecute the matter.

13

Where a district court fails to satisfy Rule 42 when holding a person in criminal contempt, we must vacate both the contempt and the sanction. *See Gompers*, 221 U.S. at 451–52; *Law*, 134 F.3d at 1030. However, because the district court's error was procedural, our ruling does not impede the district court's ability to, on remand, revisit a criminal contempt charge by way of the procedures outlined in Rule 42(a).[7] *See Gompers*, 221 U.S. at 452.

### III.   CONCLUSION

The sanction imposed by the district court was punitive rather than coercive or compensatory such that the contempt was criminal in nature. As a result, the proceeding resulting in the contempt holding needed to satisfy Federal Rule of Criminal Procedure 42. Because the district court's contempt and sanction orders do not satisfy Rule 42, we **VACATE** those orders and **REMAND** for further proceedings.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[7] Because the district court did not employ the proper procedures and create a proper trial record, and because the district court may revisit a criminal contempt charge on remand, we decline to reach Mr. Goheen's alternative argument that there was insufficient evidence to support the second element of criminal contempt.